Gregory Messer, as Chapter 7
26 Court Street, Suite 2400
Brooklyn, New York 11242
Telephone: 718.858.1474

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7

ANDREW JOHN DELANEY,                              Case No.: 20-44372 (JMM)

        Debtor.
-------------------------------------------------------------x

# APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE TRUSTEE

The application ("Application") of Gregory Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Andrew John Delaney ("Debtor"), seeks entry of an Order of the Court approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as his counsel effective as of March 8, 2021, and respectfully represents and alleges:

## BACKGROUND

1. On December 23, 2020 ("Filing Date"), the Debtor, *pro se*, filed a voluntary petition ("Petition and Schedules") for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

2. Gregory Messer was appointed as the Chapter 7 Trustee of the Debtor's estate and, by operation of law, is the permanent Trustee of the Debtor's estate.

3. On March 8, 2021 ("Retention Date"), the Trustee requested that LH&M represent him as his counsel in this case and, at the Trustee's request, LH&M began providing legal services to the Trustee as of the Retention Date.

## RELIEF REQUESTED

4. By this Application, the Trustee seeks to employ LH&M as his counsel in this case effective as of the Retention Date. In support of this Application, the Trustee submits the annexed declaration of Gary F. Herbst, Esq., a member of LH&M ("Declaration").

5. Upon information and belief, the Debtor had and possibly still has, an interest in certain real properties, as well as pending lawsuits against multiple parties, which were not disclosed on his Petition and Schedules. The Trustee concluded that the interests of the Debtor's estate and its creditors would be best served by the retention of counsel to, among other things, provide legal advice and services to the Trustee in connection with an investigation into the Debtor's financial affairs pre and post Petition Date.

6. The Trustee, who is not a member of LH&M, believes that LH&M is well qualified to act as his counsel and to represent him as the Trustee in this case.

7. Subject to further Order of this Court and without limitation, LH&M will render the following services to the Trustee and the Debtor's estate:

   i.   Advise the Trustee and perform legal services necessary to administer the estate, including preserving assets of the Debtor's estate;

   ii.  Assist the Trustee with an investigation into the Debtor's financial affairs, specifically, an investigation into the Debtor's interest in certain real properties and lawsuits in which he had an interest in prior to the Filing Date and were not disclosed on his Petition and Schedules;

   iii. Conducting investigations and examinations under Bankruptcy Rule 2004 to advise the Trustee as to the actions and activities of any insiders and the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

   iv.  Assist the Trustee in the pursuit and recovery of any avoidable transfers of the Debtor's assets under, inter alia, sections 544, 546, 547, 548, 549 and 550 of the Bankruptcy Code and New York State Debtor Creditor law;

    v.    Prepare, file and prosecute motions objecting to claims, as directed by the Trustee, that may be necessary to complete the administration of the Debtor's bankruptcy estate; and

    vi.    Prepare and file motions and applications as directed by the Trustee and advise the Trustee in connection with his statutory duties.

8. The Trustee seeks to employ LH&M on an hourly basis. As set forth in the Declaration, LH&M's current hourly rates are as follows: (a) up to two hundred dollars ($200.00) for para-professionals; (b) up to four hundred and twenty-five dollars ($425.00) for associates; and (c) up to six hundred and seventy-five dollars ($675.00) for partners.

9. As set forth in the Declaration, LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York, and Orders of the Court.

10. As set forth in the Declaration, LH&M has no connection with any interested party in this case.

11. As set forth in the Declaration, LH&M does not hold or represent an interest adverse to the Debtor's estate.

12. As set forth in the Declaration, LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

13. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests entry of the Order authorizing the employment of LaMonica Herbst & Maniscalco, LLP as counsel to the Trustee effective as of the Retention Date.

Dated: April 6, 2021

               *s/ Gregory Messer*
               Gregory Messer, Chapter 7 Trustee
               of the Debtor's estate

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Cristina Lipan, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 7

ANDREW JOHN DELANEY,                                  Case No.: 20-44372 (JMM)

              Debtor.
------------------------------------------------------------x

## DECLARATION IN SUPPORT OF APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE TRUSTEE

GARY F. HERBST, ESQ., declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a member of the law firm of LaMonica Herbst & Maniscalco, LLP ("LH&M"), which maintains its offices at 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793. I am duly admitted to practice law before this Court and the courts of the State of New York.

2. I submit this declaration in support of the application of Gregory Messer, solely in his capacity, as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Andrew John Delaney ("Debtor"), seeking entry of an Order approving the employment of LH&M as his counsel effective as of March 8, 2021 ("Retention Date").

3. Unless otherwise stated in this declaration, the facts set forth herein are based upon personal knowledge, my review of information on the docket in this case, including the creditor matrix, as well as information that has been provided to me. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon LH&M's completion of further review and analysis or as additional party-in-

interest information becomes available to it, a supplemental declaration disclosing such information will be filed with the Court reflecting such amended or modified information.

4. LH&M maintains its offices at 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793.

5. The Trustee contacted LH&M on the Retention Date and LH&M began providing legal services to the Trustee on the Retention Date.

6. LH&M possesses the requisite experience and expertise to advise the Trustee as his counsel in this case. LH&M has extensive experience representing Chapter 7 and Chapter 11 trustees, and is well versed in the Chapter 7 process. LH&M submits that its retention is essential to the Trustee's effective and efficient administration of the Debtor's estate.

7. To the best of my knowledge, after due inquiry, neither I, LH&M, nor any partner, counsel or associate of LH&M represents any entity or party in interest other than the Trustee in connection with this case.

8. To the best of my knowledge, LH&M is not connected with the Debtor, the Debtor's creditors, other parties in interest, their attorneys or accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

9. To the best of my knowledge, LH&M does not, by reason of any direct or indirect relationship to or connection with the Debtor or other parties in interest, hold or represent any interest adverse to the Debtor or to the Debtor's estate.

10. LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse

to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

11. Prior to the Retention Date, LH&M did not render any professional services to the Trustee in this case. LH&M represents or has represented Gregory Messer in other matters unrelated to this case including representing Gregory Messer as a fiduciary in cases in which he serves or has served as Chapter 7 trustee, Chapter 11 trustee, Liquidation Trustee or Plan Administrator.

12. In preparing this Declaration, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a trustee under the Bankruptcy Code. I, along with partners, conducted a search of LH&M's client database to determine whether LH&M had any connection to the Debtor or his creditors. My review has indicated that LH&M does not represent, and has not previously represented, the Debtor or his creditors in matters related or unrelated to this case. I do not believe that LH&M holds or represents an interest adverse to the Debtor or his estate.

13. LH&M regularly updates its client database, and does not open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. LH&M will continue to apply the conflicts and disclosure procedures to this case as additional information concerning entities having a connection with the Debtor is developed and will file appropriate supplemental disclosure with the Court, as necessary.

14. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Bankruptcy Rules for the Eastern District of New York, and Orders of the Court.

15. LH&M's current hourly rates are as follows: (a) up to two hundred dollars ($200.00) for para-professionals; (b) up to four hundred and twenty-five dollars ($425.00) for associates; and (c) up to six hundred and seventy-five dollars ($675.00) for partners.

16. Neither I, nor LH&M, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York.

17. LH&M has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

Executed under penalty of perjury this 6th day of April 2021.

*s/ Gary F. Herbst*
Gary F. Herbst, Esq.
