**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq.
Cristina M. Lipan, Esq.
*Attorneys for the Chapter 7 Trustee*

**Hearing Date: July 18, 2023 at 10:00 a.m.**
**Objections Due: July 11, 2023 by 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:

ANDREW JOHN DELANEY,

Debtor.

---------------------------------------------------------x

Chapter 7

Case No. 20-44372 (JMM)

**NOTICE OF HEARING ON CHAPTER 7 TRUSTEE'S MOTION**
**OBJECTING TO THE DEBTOR'S CLAIMED EXEMPTION**

**PLEASE TAKE NOTICE,** that on **July 18, 2023 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a video hearing ("Hearing") shall be held before Judge Jil Mazer-Marino, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse 271-C Cadman Plaza East - Suite 1595 Brooklyn, NY 11201-1800, on the motion ("Motion")[1] of Gregory Messer, solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of Andrew John Delaney, by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order pursuant to Bankruptcy Code sections 105(a), 522 and 704 and Bankruptcy Rule 4003(b), disallowing the Debtor's claimed exemption in the S&C Claims under Bankruptcy Code section 522(d)(11)(E).

**PLEASE TAKE FURTHER NOTICE,** that any party seeking to listen in or participate at the Hearing must register with eCourt Appearances at least two days prior to the Hearing,

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to the instructions found on the Judge's webpage.[2] Further information on registering for eCourt Appearances may be found on the Court's website.[3]

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and be filed with the Court no later than **July 11, 2023 by 5:00 p.m.** ("Objection Deadline") as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Bankruptcy Court.

Dated: June 20, 2023

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, Chapter 7 Trustee*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

[2] Judge's webpage is located at: https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

[3] eCourtAppearances is located at: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq.
Cristina M. Lipan, Esq.
*Attorneys for the Chapter 7 Trustee*

**Hearing Date: July 18, 2023 at 10:00 a.m.**
**Objections Due: July 11, 2023 by 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

ANDREW JOHN DELANEY,

Debtor.
--------------------------------------------------------x

Chapter 7

Case No. 20-44372 (JMM)

**CHAPTER 7 TRUSTEE'S MOTION OBJECTING TO THE DEBTOR'S CLAIMED EXEMPTION**

**To: The Honorable Jil Mazer-Marino**
**United States Bankruptcy Judge**
**United States Bankruptcy Court**
**Eastern District of New York**

Gregory Messer, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Andrew John Delaney ("Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("Motion") seeking the entry of an Order pursuant to sections 105(a), 522 and 704 of Title 11 of the United States Code ("Bankruptcy Code") and rule 4003(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), disallowing the Debtor's claimed exemption in the S&C Claims (as defined herein) under Bankruptcy Code section 522(d)(11)(E), respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Trustee objects to the Debtor's recently filed amendment to Schedule "C" of his bankruptcy petition wherein he has claimed an exemption under 522(d)(11)(E) in the S&C

Claims (as defined herein). This Court has previously decided[4] that the Debtor's asserted exemption under 522(d)(11)(E) did not apply to the HC2 Claims (as defined herein). For the same reasons, the exemption under 522(d)(11)(E) does not apply to the S&C Claims, because the S&C settlement is not for payment in compensation of loss of future earnings of the Debtor, but rather, was made to avoid the burden and expense of continued litigation.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

3. Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein is Bankruptcy Code §§105(a), 522 and 704 and Bankruptcy Rule 4003(b).

**BACKGROUND**

5. On December 23, 2020 ("Filing Date"), the Debtor filed a voluntary petition and schedules for relief pursuant to Chapter 7 of the Bankruptcy Code.

6. By Notice of Appointment, Gregory Messer, Esq., was appointed as the interim Chapter 7 Trustee of the Estate, and has since duly qualified and is the permanent Trustee in this case.

7. On his schedules, the Debtor listed $1,110 in assets and $44,434 in liabilities. See Doc. No. 1.

[4] This Order is pending appeal with the Second Circuit Court of Appeals.

8. On February 2, 2021, the Trustee conducted the initial section 341(a) meeting of creditors ("341 Meeting").

9. On February 4, 2021, the Trustee filed a Report of No Distribution, on the basis that there was no property available for distribution from the Estate over and above that exempted by law.

10. Subsequently, the Trustee discovered that the Debtor was involved in several pending litigations, some of which were commenced by the Debtor, which were not disclosed on the Petition or at the 341 Meeting.

11. On March 9, 2021, the Trustee filed a Recission of the Report of No Distribution.

12. On March 15, 2021, the Debtor filed amended schedules, which listed one pending lawsuit against the Debtor's brother with a $0 value. See Doc. No. 17.

13. Ultimately, on April 20, 2021, and only after the Trustee discovered there were additional pending lawsuits and advised the Court thereof, the Debtor filed second amended schedules,[5] which listed multiple lawsuits ("Second Amended Schedules"). See Doc. No. 48. In particular, the Debtor listed the following lawsuits, among others, with a $0 value:

a. Delaney v. Sullivan & Cromwell LLP ("S&C"), Index No. 657556/2019 (N.Y. Sup. Ct. filed December 31, 2019) Case is for $13,000,000 for breach of contract, tort, and other claims regarding arbitration agreement. Has faced motion to dismiss for 14 months and has big problems of statute of limitations and standing. Attorney representing Debtor: Christopher Beres. who tried to get any settlement but S&C claims it is valueless ("S&C Claims").

b. HC2, Inc. ("HC2") v. Delaney, 1:20-cv-03178 (S.D.N.Y. filed April 22, 2020) (Liman, J.) All of Debtor's counterclaims were dismissed including NYLL 740 on December 18, 2020. On January 13, 2021, due to 30 day deadline, the Debtor filed a notice of appeal. The case faces a motion to dismiss which is stayed; and Delaney v. HC2, Inc., Index No. 651740/2021 (N.Y. Sup Ct. filed March 16, 2021) (one

[5] The Debtor also filed amended schedules on March 15, 2021, which were limited to Schedule E/F. See Doc. No. 18.

year SOL deadline was March 17, 2021) (filed pro se). Claim for $15,000,000. NYLL 740 was already dismissed by the Southern District on December 18, 2020. This has not been served. Debtor believes value is $0 (together, "HC2 Claims").

A. Settlement of the HC2 Claims and the Previously Denied Exemption

14. Thereafter, the Trustee entered into a settlement agreement with HC2 to resolve the HC2 Claims. The stipulation of settlement of the HC2 Claims stated that "HC2's agreement to pay the Settlement Sum is in no way a reflection or acknowledgment by HC2 of any liability or indebtedness owed to [the Debtor] or to the Estate, . . . but instead is made to avoid the burden and expense of litigation." See Doc. No. 90-1, ¶ 4.

15. Pursuant to the Second Amended Schedules,[6] the Debtor's claims and counterclaims against HC2 had been dismissed, and the Debtor asserted that those claims had $0.00 value. Accordingly, at the hearing held on September 28, 2021 to consider approval of the settlement with HC2, this Court found, among other things, that the settlement with HC2 was a prudent exercise of the Trustee's business judgment, given that: (a) the Debtor valued the HC2 Claims at $0.00, (b) the Debtor's claims and counterclaims against HC2 had already been dismissed, and (c) the settlement provided a tangible and immediate benefit to the Estate. Overruling the Debtor's objection, on October 6, 2021, this Court entered an Order approving the settlement with HC2 ("HC2 Settlement Order"). See Doc. No. 116.

16. On November 5, 2021, the Debtor filed third amended schedules ("Third Amended Schedules"). See. Doc. No. 120. On the Third Amended Schedules, the Debtor claimed, among other things, an exemption of the HC2 Claims in the amount of $25,000, pursuant to section

[6] The Second Amended Schedules were the most recently filed schedules at the time of the settlement, and were the schedules referred to by this Court in approving the settlement with HC2.

522(d)(5) of the Bankruptcy Code ("522(d)(5) Exemption"). See id. On December 3, 2021, the Trustee filed a motion objecting to the Debtor's asserted 522(d)(5) Exemption of the HC2 Claims ("HC2 Exemption Motion"). See Doc. No. 122. On January 11, 2022 and February 17, 2022, the Court held hearings on the HC2 Exemption Motion, finding, inter alia, that although Law v. Seigel prohibited a denial of an asserted exemption based on fraud alone, the Debtor was still limited to the statutory amount of the 522(d)(5) Exemption. See Law v. Siegel, 571 U.S. 415, 134 S. Ct. 1188 (2014) (holding that "federal law provides no authority for bankruptcy courts to deny an exemption *on a ground not specified in the Code*) (emphasis added). Accordingly, on April 13, 2022, this Court entered an Order limiting the Debtor's asserted 522(d)(5) Exemption in the HC2 Claims to $12,387.92 ("522(d)(5) Exemption Order"). See Doc. No. 156.

17. On April 27, 2022, the Debtor filed a motion to reconsider ("Motion to Reconsider") the 522(d)(5) Exemption Order, arguing that he should be entitled to a full exemption of the HC2 Claims pursuant to section 522(d)(11)(E) of the Bankruptcy Code ("522(d)(11)(E) Exemption"). See Doc. Nos. 160 and 161. The Trustee objected to the Debtor's Motion to Reconsider on the basis that the Debtor never asserted a 522(d)(11)(E) Exemption and raising this as a new argument in the Motion to Reconsider was improper. See Doc. Nos. 168 and 177. However, in the interest of finality, the Trustee requested that this Court consider the applicability of the 522(d)(11)(E) Exemption in the HC2 Claims. At the hearing on the Motion to Reconsider held on May 17, 2022, this Court held that the 522(d)(11)(E) Exemption did not apply because the HC2 settlement was made to avoid the expense of further litigation, where the Debtor's claims and counterclaims had already been dismissed, and that the settlement was not made in consideration of loss of future earnings. Accordingly, on May 20, 2022, this Court entered an Order holding that, among other things, the Debtor is not entitled to assert the 522(d)(11)(E) Exemption in the HC2

Claims or in any funds received in settlement thereof ("Reconsideration Order"). See Doc. No. 179. The Debtor appealed the Reconsideration Order to the District Court for the Eastern District of New York ("District Court") (Case No. 22-cv-02432-AMD). The District Court denied the Debtor's appeal, and the Debtor appealed the District Court's decision, which is now pending before the Second Circuit. On March 24, 2023, the District Court also denied the Debtor's Motion for Leave to Proceed in Forma Pauperis on Appeal to the Second Circuit, certifying that, pursuant to 28 U.S.C. §1915(a)(3), "any appeal would not be taken in good faith, because there are no non-frivolous issues to appeal." See Case No. 22-cv-02432-AMD (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)).

B. Settlement of the S&C Claims

18. The Trustee also entered into a settlement agreement with S&C to resolve the S&C Claims. On his Third Amended Schedules, the Debtor listed the S&C Claims with a disputed value.[7]

19. The stipulation of settlement of the S&C Claims stated that "[S&C's] agreement to pay the Settlement Sum is in no way a reflection or acknowledgment by [S&C] of any liability or indebtedness owed to Delaney or to the Estate, . . . but instead is made to avoid the burden and expense of continued litigation." See Doc No. 132-1, ¶4. Pursuant to the Second Amended Schedules,[8] the Debtor had stated that the S&C Claims had "big problems of statute of limitations and standing," and that the Debtor's attorney was unable to reach any settlement.

[7] At the time the Trustee settled the S&C Claims, the Third Amended Schedules were the most recently filed schedules.

[8] The Debtor did not provide any further details on the Third Amended Schedules, other than stating the S&C Claims were disputed.

20. At the hearing to consider approval of the settlement with S&C held on March 17, 2022, this Court found, among other things, that the settlement with S&C was a prudent exercise of the Trustee's business judgment, given that: (a) the Debtor had previously valued the S&C Claims at $0.00 and then listed the value as "disputed", (b) the Debtor failed to make a higher or better offer for the S&C Claims, and (c) the settlement was in the best interests of creditors. Accordingly, on March 22, 2022, this Court entered an Order approving the settlement with S&C ("S&C Settlement Order"). See Doc. No. 143. The Debtor appealed the S&C Settlement Order to the District Court for the Eastern District of New York ("District Court") (Case No. 22-cv-01664-AMD). The District Court denied the Debtor's appeal, and the Debtor appealed the District Court's decision, which is now pending before the Second Circuit. On March 24, 2023, the District Court also denied the Debtor's Motion for Leave to Proceed in Forma Pauperis on Appeal to the Second Circuit, certifying that, pursuant to 28 U.S.C. §1915(a)(3), "any appeal would not be taken in good faith, because there are no non-frivolous issues to appeal." See Case No. 22-cv-01664-AMD (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)).

C. Debtor's Asserted 522(d)(11)(E) Exemption

21. On May 20, 2023, the Debtor filed fourth amended schedules ("Fourth Amended Schedules"), asserting the 522(d)(11)(E) Exemption in both the HC2 Claims and the S&C Claims. See Doc. No. 222, p.13. The Debtor further asserted that certain "declaratory relief" is "exempt/not asset." See id.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

22. This Court has already determined that 522(d)(11)(E) Exemption does not apply to the HC2 Claims, and such decision is currently on appeal before the Second Circuit. As such, the

Trustee files this Motion pursuant to Bankruptcy Rule 4003 seeking the entry of an order disallowing the Debtor's purported claimed 522(d)(11)(E) Exemption in the S&C Claims.

23. Rule 4003(b)(1) provides, in relevant part, that "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the [341 Meeting] or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1).

24. The 522(d)(11)(E) Exemption applies to "payment in compensation of loss of future earnings of the debtor." 11 U.S.C. §522(d)(11)(E).

25. At the May 20, 2022 hearing, this Court found that the 522(d)(11)(E) Exemption did not apply to the HC2 Claims because the HC2 settlement was made to avoid the expense of further litigation, where the Trustee determined that the claims themselves had no value (given that the Debtor valued the claims at $0, and the claims and counterclaims had already been dismissed by the District Court). Accordingly, the HC2 settlement was not made in consideration of loss of future earnings, nor of *any* claims or counterclaims that had been asserted. For the same reason, the 522(d)(11)(E) Exemption does not apply to the S&C Claims.

26. The S&C settlement specifically states that the basis for the settlement of the S&C Claims is not for any liability owed to Delaney, but is made to avoid the burden and expense of litigation. See Doc No. 132-1, ¶4.

27. On the Second Amended Schedules, the Debtor had stated that the S&C Claims had "big problems of statute of limitations and standing," and that Debtor's attorney was unable to reach any settlement. See Doc. No. 48. Further, at the hearing to approve the S&C settlement, this Court noted that "despite [the Debtor's] claim that the causes of action are worth much more than $13,000 or so, [the Debtor] signed a schedule under penalty of perjury that other causes of

action were worth zero." See Transcript of Hearing March 17, 2022. In addition, the Debtor had the opportunity to make an offer for the S&C Claims, if he believed these claims were very valuable, but he never did. See Doc. No. 138 and Transcript of Hearing March 17, 2022.

28. It is clear that the S&C Claims themselves had no value, where: (i) the Debtor valued those claims as $0.00 or as "disputed," (ii) the Debtor did not make a settlement proposal for the S&C Claims, which would have reflected the value he placed in the S&C Claims, and (iii) the Debtor had stated that there were problems with the S&C Claims on the Second Amended Schedules. The Debtor only asserted there was value in the S&C Claims once the Trustee was able to reach a settlement, which he and his attorney were never able to do. Moreover, S&C agreed to the settlement with the Trustee solely to put an end to the Debtor's incessant litigation. Since the settlement of the S&C Claims was made to avoid further litigation, and not for payment of *any* claims asserted by the Debtor, the S&C settlement was not in consideration of payment in compensation of loss of future earnings of the debtor.

29. Furthermore, Law v. Seigel does not prohibit the denial the Debtor's asserted 522(d)(11)(E) Exemption in the S&C Claims, because such denial would be based on the statutory language of the exemption. See Law v. Siegel, 571 U.S. 415, 134 S. Ct. 1188 (2014) (holding that "federal law provides no authority for bankruptcy courts to deny an exemption *on a ground not specified in the Code*) (emphasis added). Specifically, the 522(d)(11)(E) Exemption provides an exemption for "payment in compensation of loss of future earnings." 11 U.S.C. §522(d)(11)(E). Since the S&C settlement was not made for this purpose, the 522(d)(11)(E) Exemption does not apply.

30. Accordingly, the Trustee submits that the Debtor is not entitled to claim the 522(d)(11)(E) Exemption in the S&C Claims or the proceeds thereof.

## NOTICE AND NO PRIOR REQUEST

31. In accordance with Bankruptcy Rules 2002 and 4004(b)(4), the Trustee will serve a copy of this Motion with its proposed Order by first class mail upon: (a) the Debtor; (b) the United States Trustee; and (c) all parties that filed Notices of Appearances in the case.

32. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests the entry of an Order disallowing the Debtor's asserted 522(d)(11)(E) Exemption in the S&C Claims.

Dated: June 20, 2023

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory Messer, Chapter 7 Trustee*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500